**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

**EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,**

      **Plaintiffs,**

**v.**

**WATERLOO SERVICES, INC.,**

      **Defendant.**      **CASE NO. 09-CV-353-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge**:

### INTRODUCTION

Plaintiffs filed their Complaint on May 7, 2009 stating a cause of action for payment of delinquent fringe benefit contributions and late fees from Defendant Waterloo Services, Inc. ("Defendant"), pursuant to § 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), and the Labor Mangement Relations Act ("LMRA"), 29 U.S.C. § 185. (**Doc. 2**).

Defendant was served on May 11, 2009. (**Doc. 5**). Defendant did not enter its appearance or file any responsive pleadings. On June 3, 2009, Plaintiffs filed a Motion for Entry of Default by Clerk. (**Doc. 6**). The following day, the clerk made an entry of default against Defendant. (**Doc. 7**). Plaintiffs then filed a Motion for Entry of Default Judgment and supporting memorandum with accompanying affidavits and exhibits, which is now before the Court. (**Docs. 9-10**). Plaintiffs seek a default judgment in the total amount of $4, 773.38, which includes $3,379.44 in

delinquent contributions for the period of September-December 2008, $337.94 in liquidated damages, and $1056.00 in attorneys' fees and court costs.

Plaintiffs consist of several employee benefit funds and their representative fiduciaries, existing on behalf of members of the Operating Engineers Local Union No. 520 (the "Union"). (**Doc. 2, ¶¶ 1-6**). Defendant is an Illinois corporation that allegedly employed Union members. (**Doc. 2, ¶ 7**). The Union and Defendant are parties to a collective bargaining agreement (the "Agreement"). (**Doc. 2, ¶ 8; Doc. 10, p.1; Doc 10-2, *Glastetter Affidavit*, ¶ 2 and Exhibits 1-2 thereto** ). Among other things, the Defendant is, pursuant to the Agreement, allegedly required to (1) pay fringe benefit contributions for each hour of covered Union member work, (2) submit monthly report forms reflecting the hours worked and contributions owed, and (3) pay a 10% liquidated damages charge on all untimely benefit contribution payments. (**Doc. 2, ¶ 8-18; Doc. 10, p. 1-2; Doc. 10-2 *Glastetter Affidavit*, ¶¶ 3-5, Ex. 1 (Articles 34-37, 45 and Schedule A)**).

It is alleged that Defendant submitted reports without payment for the months of September, October, November and December, 2008 and that the total amount of the unpaid contributions is $3,379.44. (**Doc. 10-2, ¶ 6, Ex. 3**). Plaintiffs allege that Defendant owes liquidated damages for the untimely or failed payments in the amount of $337.94. (***Id.***). Plaintiffs also claim that pursuant to the Agreement, Defendant is required to pay Plaintiffs' attorneys' fees and costs if legal action is required to enforce the terms of the Agreement in regard to Defendant's contribution payments, submission of monthly reports, and payment of liquidated damages.

(**Doc. 10, p. 1-2 and Doc. 10-2, Ex. 1, Art. 45**).  Plaintiffs claim to have incurred a total of $762.90 in legal fees and costs in this matter.  (**Doc. 10, p. 2 and Doc. 10-11 *Aff. of Greg Campbell*.**)  In sum, Plaintiffs pray for an order of default judgment against Defendant in the amount of $4, 773.38  (**Docs. 2 and 10**).

## ANALYSIS

### A.   Legal Standard

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself. **FED. R. CIV. PRO. 55.**  "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead. ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)).**  Plaintiff (or the party moving for a default judgment), must then establish a right to the requested relief sought. *In re Catt*, **368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award "exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. PRO. 54(c).** Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. ***In re Catt*, 368 F.3d at 793 (citations omitted); *Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted).** Instead, the

district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." ***Dundee Cement Co.*, 722 F.2d at 1323 (citations omitted);** *see also In re Catt*, **368 F.3d at 793.**

B. <u>**Plaintiffs' Evidence Regarding Amount of Award Sought**</u>

Plaintiffs submitted several evidentiary items in order to prove the amount of damages they allege they are entitled to obtain from Defendant. Specifically, Plaintiffs have attached the following evidentiary items to their Motion:

**Item 1**  Affidavit of David Glastetter ("Glastetter Aff.") with signature verification. The Glastetter affidavit has four exhibits attached as follows:
- **Ex. 1** Copy of the Collective Bargaining Agreement (the "Agreement") between Plaintiffs and Defendant
- **Ex. 2** Copy of the Signature Page of the Agreement
- **Ex. 3** Employers and Operating Engineers Local 520 Contribution Forms for September, October, November and December 2008 from Waterloo Services, Inc.
- **Ex. 4** Spreadsheet entitled "Waterloo Services, Inc. - Fringe Benefit Liability 9/08-12/08"

**Item 2**  Affidavit of Greg A. Campbell ("Campbell Aff.") with signature verification

Although Plaintiffs have clearly made an effort to be comprehensive in the evidence supplied to support their claims, the Court finds those efforts insufficient. Specifically, the Court takes issue with the Collective Bargaining Agreement attached to the Glastetter Affidavit as Exhibit 1, Schedule A to the Collective

Bargaining Agreement, and the Campbell Affidavit.

1.   **The Campbell Affidavit**

The Campbell Affidavit contains a caption for a different case.  The affidavit contains no specific references to this case within its text.  Thus, the Court cannot rule in confidence that the Affiant's statements are intended to apply to the case at bar or are accurate.  A new affidavit regarding attorneys fees is required if Plaintiffs wish to present that issue to the Court.

2.   **The Collective Bargaining Agreement and Schedule A**

Presumably, Plaintiff's submitted the Collective Bargaining Agreement, (**Docs. 10-4, 10-5, 10-6, and 10-7 (hereinafter referred to as Ex. 1 or "the Agreement"**)), to, among other things, demonstrate Defendant's obligation to (1) remit contributions to the various Plaintiff funds for each hour of covered work at a rate specified within the Agreement, (2) file monthly reports reflecting the hours worked and contributions owed, and (3) pay 10% liquidated damages on delinquent contributions. (*See* **Glastetter Aff., ¶¶ 2-5 and Ex. 1**).  While the Agreement does tend to show that Defendant owed such obligations for the period from August 1, 2004 through July 1, 2007, the Court finds that there is insufficient evidence to demonstrate that the Agreement was actually in effect at the time of Defendant's alleged omissions in September through December 2008.

The cover page of the Agreement reflects that it is applicable to the period of August 1, 2004 through July 31, 2007.  The Agreement's Preamble, found on page one, does not include a date on which the Parties entered into the Agreement.

While that is not unusual for such documents, it is of no assistance to the Court in dating the Agreement. The signature page (**Doc. 10-8-Glastetter Aff., Ex. 2**) is dated October 2, 2006, which is consistent with the time period stated on the cover page. Plaintiffs state that Schedule A of the Agreement provides the amounts of contribution the Defendant is required to make to the various Plaintiff funds, pursuant to the Agreement. (**Glastetter Aff., ¶ 3**) However, Schedule A lists the contribution amounts for the period of August 1, 2004 through July 31, 2007. Thus, the supplied Schedule A does not appear applicable in this matter given that Plaintiffs are specifically requesting damages for amounts owed by Defendant from September through October 2008.

Article 50 of the Agreement states that "[t]his Agreement shall be in full force and effect as of and from August 1, 2004 to and including July 31, 2007 unless either party shall notify the other in writing . . . of a desire to terminate this Agreement." (**Doc. 10-7**). The Contribution Reports (**Doc. 10-9-Glastetter Aff., Ex 3**), state below the signature line for the company representative that "[t]he above Signed Employer, if not already signatory, hereby becomes a signatory party to the Collective Bargaining Agreement with Operating Engineers Local 520 covering the type and area of work of the above employees . . ." The titles of the Contribution Reports indicate they are for September, October, November and December 2008. However, the signature dates for the signing employer are in November and December 2008, January 2009 and March 2009. Finally, the fax dates on the Contribution Reports are in 2009, including those that appear to reflect the dates on

which the Defendant faxed them.

The fact that the Agreement and Schedule A to the Agreement are dated leads to the logical inference that potentially there are different versions of the Agreement and/or Schedule A that may be applicable to this case. None of the dates appearing in the supplied Agreement or Schedule A coincides with the dates on which Defendant is alleged to have omitted making the required contributions. The Glastetter Affidavit states that Defendant "is a party to a collective bargaining agreement with Operating Engineers Local 520" and that a copy of the Agreement is attached to the Affidavit. (**Doc. 10-2, Glastetter Aff., ¶ 2**). The Court has no reason to doubt that is the case, but nowhere does the affiant state that Defendant was in fact bound by that particular version of the Agreement at the time of its alleged omissions. Given the lack of coincidence between the dates of the Agreement and the dates of Defendant's alleged omissions, the affiant's omission is glaring.

While it may be the case that the Agreement Plaintiffs provided to the Court did in fact "automatically renew" as provided in Article 50, there is no specific evidence that is the case. Moreover, it is equally possible that one of the parties actually terminated the Agreement as provided in Article 50. Similarly, the Contribution Reports, which purport to bind the signing employer to the "Collective Bargaining Agreement with Operating Engineers Local 520," could refer to a different agreement than that Plaintiffs supply. Given the dates printed on those reports, which are in 2008 and 2009, the Court would have to assume that is not the case in order to grant the relief Plaintiffs request. In sum, the Court is currently unable to

determine that the supplied Agreement and Schedule A govern the time period at issue in this case.

## CONCLUSION

The Court finds that Plaintiffs failed to submit sufficient evidence to show that the supplied Agreement or Schedule A to the Agreement is applicable to the time period of Defendant's alleged omissions, and thus, also failed to adequately demonstrate that the Agreement entitles Plaintiffs to the damages sought. Moreover, because of an incorrect caption on the Campbell Affidavit, the Court cannot determine if the attorneys fees sought are accurate or applicable to this case. Accordingly, Plaintiffs' Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**. The Court **ALLOWS** Plaintiffs leave to file an Amended Motion for Default Judgment on or before July 22, 2009 submitting additional evidence addressing the deficiencies noted herein.

**IT IS SO ORDERED.**

Signed this 15th day of July, 2009.

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**