UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, et al.,**

    **Plaintiffs,**

v.

**WATERLOO SERVICES, INC.,**

    **Defendant.**                                                           **09-cv-353-DRH**

## ORDER

**HERNDON, Chief Judge:**

### INTRODUCTION

Plaintiffs filed their Complaint on May 7, 2009 stating a cause of action for payment of delinquent fringe benefit contributions and late fees from Defendant Waterloo Services, Inc. ("Defendant"), pursuant to § 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (**Doc. 2**).

Defendant was served on May 11, 2009. (**Doc. 5**). As of the date of this Order, Defendant has not entered its appearance or filed any responsive pleadings. On June 3, 2009, Plaintiffs filed a Motion for Entry of Default by Clerk. (**Doc. 6**). The following day, the clerk made an entry of default against Defendant. (**Doc. 7**). Plaintiffs then filed a Motion for Entry of Default Judgment and supporting memorandum with accompanying affidavits and exhibits. (**Docs. 9-10**). In an Order dated July 15, 2009, (Doc. 11), the Court denied, without prejudice, Plaintiffs'

Motion for Entry of Default Judgment based primarily on a lack of evidentiary support for Plaintiffs' contractual damages claims. Plaintiffs timely filed the instant Motion and a supporting memorandum (Docs. 12-13) addressing the deficiencies the Court found in the first Motion for Default. Plaintiffs seek a default judgment in the total amount of $4,773.38, which includes $3,379.44 in delinquent contributions for the period of September-December 2008, $337.94 in liquidated damages, and $1056.00 in attorneys' fees and court costs.

Plaintiffs consist of several employee benefit funds and their representative fiduciaries, existing on behalf of members of the Operating Engineers Local Union No. 520 (the "Union"). (**Doc. 2, ¶¶ 1-6**). Defendant is an Illinois corporation that allegedly employed Union members. (**Doc. 2, ¶ 7**). The Union and Defendant are parties to a collective bargaining agreement (the "Agreement"). (**Doc. 2, ¶ 8; Doc. 10, p.1; Doc 10-2, *Glastetter Affidavit*, ¶ 2 and Exhibits 1-2 thereto**). Among other things, the Defendant is, pursuant to the Agreement, allegedly required to (1) pay fringe benefit contributions for each hour of covered Union member work, (2) submit monthly report forms reflecting the hours worked and contributions owed, and (3) pay a 10% liquidated damages charge on all untimely benefit contribution payments. (**Doc. 2, ¶ 8-18;  Doc. 10, p. 1-2; Doc. 10-2 *Glastetter Affidavit*, ¶¶ 3-5, Ex. 1 (Articles 34-37, 45 and Schedule A)**).

It is alleged that Defendant submitted reports without payment for the months of September, October, November and December, 2008 and that the total amount of the unpaid contributions is $3,379.44. (**Doc. 10-2, ¶ 6, Ex. 3**). Plaintiffs allege

that Defendant owes liquidated damages for the untimely or failed payments in the amount of $337.94.  (***Id.***).   Plaintiffs also claim that pursuant to the Agreement, Defendant is required to pay Plaintiffs' attorneys' fees and costs if legal action is required to enforce the terms of the Agreement in regard to Defendant's contribution payments, submission of monthly reports, and payment of liquidated damages.  (**Doc. 10, p. 1-2 and Doc. 10-2, Ex. 1, Art. 45**).  Plaintiffs claim to have incurred a total of $762.90 in legal fees and costs in this matter.  (**Doc. 10, p. 2 and Doc. 10-11 *Aff. of Greg Campbell*.**)  In sum, Plaintiffs pray for an order of default judgment against Defendant in the amount of $4, 773.38  (**Docs. 2, 10**, **& 12**).

## LEGAL STANDARDS

A party is authorized to seek a default judgment pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 55**.  Under this Rule, the Court may enter a judgment by default when the non-moving party has "failed to plead or otherwise defend" itself.  **FED. R. CIV. PRO. 55.**  "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint,'" as long as plaintiff's allegations are well-plead.  ***Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)).**  Plaintiff (or the party moving for a default judgment), must then establish a right to the requested relief sought.   ***In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).**

A party obtaining a default judgment in its favor is not entitled to an award

"exceed[ing] [the] amount [] prayed for in the demand for judgment." **FED. R. CIV. PRO. 54(c).** Allegations within the complaint regarding damages are not deemed true upon the rendering of a default judgment. *In re Catt*, **368 F.3d at 793 (citations omitted);** *Dundee Cement Co.*, **722 F.2d at 1323 (citations omitted).** Instead, the district court must determine with reasonable certainty the proper amount to award as damages to the prevailing party. *Id.* Such determination can be made either based upon an evidentiary hearing or from "definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co.*, **722 F.2d at 1323 (citations omitted);** *see also In re Catt*, **368 F.3d at 793.**

In any action pursuant to Section 502(g)(2) of ERISA for which judgment in favor of a statutory plan is granted, the Court must award the plan (1) all unpaid contributions, (2) interest on the unpaid contributions; (3) an amount equal to interest on the unpaid contributions or liquidated damages provided for under the plan not in excess of 20%; (4) reasonable attorneys fees; and (5) such other legal or equitable relief the court deems appropriate. **29 U.S.C. § 1132(g)(2)**.

## ANALYSIS

Plaintiffs submitted several evidentiary items to their first Motion for Default in order to prove the amount of damages they allege they are entitled to obtain from Defendant. Specifically, Plaintiffs attached the following evidentiary items to their first Motion:

> **Item 1**     Affidavit of David Glastetter ("Glastetter Aff.") with signature verification. The Glastetter affidavit has four exhibits attached as follows:

> **Ex. 1** Copy of the Collective Bargaining Agreement (the "Agreement") between Plaintiffs and Defendant
> **Ex. 2** Copy of the Signature Page of the Agreement
> **Ex. 3** Employers and Operating Engineers Local 520 Contribution Forms for September, October, November and December 2008 from Waterloo Services, Inc.
> **Ex. 4** Spreadsheet entitled "Waterloo Services, Inc. - Fringe Benefit Liability 9/08-12/08"
>
> **Item 2** Affidavit of Greg A. Campbell ("Campbell Aff.") with signature verification

In its July 15, 2009 Order, the Court found deficiencies with three of those items, i.e., the Campbell Affidavit, the Collective Bargaining Agreement and Schedule A to the Collective Bargaining Agreement. Specifically, the Court found that the Campbell Affidavit contained a caption from a different case. Thus, the Court could not be confident that Campbell's averments were applicable to the case at bar. Regarding the Collective Bargaining Agreement and Schedule A, the Court found that the dates of the Agreement do not match the relevant time period, which meant that Plaintiffs had insufficient evidence to show that Defendant was bound to pay the dues it allegedly owes Plaintiffs. Plaintiffs now file several additional items, ostensibly to address those deficiencies. Those items are as follows:

> **Item 1**: Supplemental Affidavit of Greg Campbell (Docs. 13-1 and 13-2)
>
> **Item 2**: Supplemental Affidavit of David Glastetter and Exhibits 5-9 (Docs. 13-3 and 13-4)
>
>> **Ex. 5**: Employers and Operating Engineers Local 520 Contribution Form for August 2007 from Waterloo Services, Inc. (Doc. 13-5)

> **Ex. 6**: Copy of the Collective Bargaining Agreement (the "2007 Agreement") between Plaintiffs and Defendant dated August 1, 2007-July 31, 2012 (Docs. 13-6 & 13-7)
>
> **Ex. 7**: Employers and Operating Engineers Local 520 Contribution Form from November 2007 from Waterloo Services, Inc. for August 2007, September 2007, October 2007, November 2007, December 2007, January 2008, February 2008,March 2008, April 2008, May 2008, July 2008, August 2008, September 2008, October 2008, November 2008, December 2008, January 2009, February 2009, April 2009, and June 2009 (Doc. 13-8)
>
> **Ex. 8**: A copy of the "Corporation File Detail Report" from the Illinois Secretary of State website for Waterloo Services, Inc. (Doc. 13-9)

The 2007 Agreement, in Articles 34-39, provides that signatory employers agree to contribute payment in the amounts set forth in Schedule A to the Employers and Operating Engineers Local 520 Health & Welfare Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Operators Voluntary Fund, and the Southern Illinois Construction Advancement Fund.  Further, Article 45 to the 2007 Agreement requires employers to contribute to the Local 520 Fringe Benefit Fund in an amount set forth in Schedule A to the Agreement.  Article 45 requires the employer to file fringe benefit reports along with the fringe benefit contributions monthly.  That article also provides that the employer will pay 10% liquidated damages for any fringe benefit contributions not timely paid.  Article 50 of the Agreement states that "[t]his Agreement shall be in full force and effect as of and from August 1, 2007 to and including July 31, 2012 unless either party shall notify the other in writing . . . of a desire to terminate this Agreement."

At the outset, the Court notes, as Plaintiffs admit, that the copy of the 2007

Agreement attached to Plaintiff's renewed motion does not reflect that Defendant signed the Agreement. Plaintiffs argue that Defendant is nonetheless bound to the Agreement through performance. Specifically, Plaintiffs point to the Contribution Forms (Docs. 13-5 & 13-8) from the relevant time period bearing Defendants' representative's signature and reflecting payment of dues at the rates reflected in the Collective Bargaining Agreement. Those forms state, just below the employer's signature line, as follows:

> "[t]he above Signed Employer, is not already signatory, hereby becomes a signatory party to the Collective Bargaining Agreement with Operating Engineers Local 520 covering the type and area of work of the above employees and also Agreement and Declaration of Trusts, establishing the funds which payment is made herewith."

Plaintiffs also point out that the Contribution forms are signed by Laura Schremp, who is Defendants' Corporate Secretary according to the Corporation File Detail Report from the Illinois Secretary of State. (Doc. 13-9). Further, Plaintiffs cite ***Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc.*, 385 F.3d 761 (7th Cir. 2004)** and ***Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645 (7th Cir. 2001)** for the proposition that Defendant is bound to the Agreement's terms by its assent to the Agreement's terms, which is manifested in its monthly filing of Contribution Report Forms reflecting the rates set forth in Schedule A to the 2007 Agreement. Glastetter also avers that the contributions are for a member of Employers and Engineers Local 520. (Doc. 13-3).

Having analyzed the Defendants' Affidavits, the Contribution Forms, the 2007

Agreement, and Schedule A to the 2007 Agreement, the Court agrees that ***Bricklayers Local 21*** and ***Operating Engineers Local 139*** support Plaintiffs' position that Defendant bound itself to the Collective Bargaining Agreement by signing and submitting the monthly Contribution Report Forms.  ***See Bricklayers Local 21 of Illinois Apprenticeship and Training Program v. Banner Restoration, Inc.*, 385 F.3d 761, 767 (7th Cir. 2004); *Operating Engineers Local 139 Health Benefit Fund v. Gustafson Construction Corp.*, 258 F.3d 645, 650-651 (7th Cir. 2001)**.   The Court further finds that Defendant failed to submit fringe benefit funds to Plaintiffs in the months of September, October, November, and December 2008 for a total of $3,379.44 in delinquent contributions due and payable to Plaintiffs.   The Court also finds that, pursuant to Section 502(g) of ERISA and the Collective Bargaining Agreement, Plaintiffs are entitled to $337.94 in liquidated damages, which represents 10% of the total delinquent contributions.  Finally, the Campbell Affidavit now contains the correct case caption and reflects total attorneys fees and costs in an amount of $1056.00 for this matter, which the Court finds reasonable.   Pursuant to Section 502(g) those costs are also assessed to Defendant.

## **CONCLUSION**

The Court finds that Defendant is in **DEFAULT** and that pursuant to the 2007 Collective Bargaining Agreement is delinquent in its fringe benefit contributions due and payable to Plaintiffs for the months of September, October, November and December 2008.  Further, the Court finds that pursuant to Section 502(g) of ERISA

and the Collective Bargaining Agreement, Plaintiffs are entitled to 10% liquidated damages and their reasonable attorneys fees as set forth above. Accordingly, the Clerk shall enter a **DEFAULT JUDGMENT** in favor of Plaintiffs and against Defendant in the amount of **$4, 773.38**.

**IT IS SO ORDERED.**

Signed this 9th day of October, 2009.

/s/     David R Herndon

**Chief Judge**
**United States District Court**